---

CIVIL ACTION NO. 6:15-CV-655

---

IN THE
# UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

---

KS CAYTON, LLC

*Plaintiff,*

-- V. --

HOBBY LOBBY STORES, INC.

*Defendant,*

---

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S FIRST AMENDED MOTION TO DISMISS FOR FAILURE TO STATE A PLAUSIBLE CLAIM

---

Charles A. Moster
Moster Law Firm
4920 S. Loop 289
Lubbock, TX 79414
Phone: 806-778-6486

*Attorney for Plaintiff*

# **TABLE OF CONTENTS**

I.      Defendant's Motion is Moot………………………………………………………1

II.     12(b)(6) Motion Legal Standard………………………………………………..2

III.    Plaintiff Has Sufficiently Pleaded A Claim For Relief…………………………4

   A.   Plaintiff's Claim Is Both Factually Sufficient And Plausible…………………..5

   B.   Plaintiff's Complaint Plausibly Alleges That Defendant Used "Pinspired".…...…15

   C.   Defendant's Infringing Use Was Not A "Fair Use"……..……………………17

IV.     Defendant's Motion Does Not Apply To Unfair Competition Claim…………...18

V.      Prayer………..…………….....................................................................................19

## TABLE OF AUTHORITIES

**Statutes**
15 U.S.C. § 1114…………………………………………………………………5
15 U.S.C. § 1125(a)…………………………………………………………..19

**Cases**
*American Optical Corp. v. North American Optical Corp.*, 489 F. Supp. 443 (N.D.N.Y 1979)…………………………………………………………………………10
*American Rice Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321 (5th Cir. 2008)……6, 7, 12
*Application of West Point-Pepperell, Inc.*, 468 F.2d 200 (C.C.P.A.1972)……………10
*Ashcroft v. Iqbal*, 556 U.S. 662 (U.S. 2009)…………………………………………2-5
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)………………2-5
*Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (U.S. 2014)…………………4
*Calloway v. Green Tree Servicing, LLC*, 599 F. Supp. 2d 543 (D. Del. 2009)………….2
*Cf. Wella Corp. v. California Concept Corp.*, 558 F.2d 1019 (C.C.P.A.1977)…………10
*Clark v. Tarrant County*, 798 F.2d 736 (5th Cir. 1986)…………………………………2
*Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons*, Inc., 526 F.2d 556 (C.C.P.A.1975)…………………………………………………………………10
*Conan Properties, Inc. v. Conans Pizza*, 752 F.2d 145 (5th Cir. 1985)………………7, 8
*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981)………………………2
Elvis Presley Enters. Inc. v. Capece, 141 F.3d 188, 194 (5th Cir. 1998)…………….7, 8
*Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356 (11th Cir. 1982)……………………2
*International Controls Corp. v. Vesco*, 556 F.2d 665 (2d Cir. 1977)……………………2
*Kentucky Press Ass'n v. Commonwealth of Kentucky*, 355 F. Supp. 2d 853 (E.D. Ky. 2005)…………………………………………………………………………2
*Klyce v. Ramirez*, 852 F.2d 568 (6th Cir. 1988)………………………………………2
*Oreck Corp. v. U.S. Floor Systems, Inc.* 803 F.2d 166 (5th Cir. 1986)………………7, 14
*Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299 (6th Cir. 2000)………………….2
*Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673 (5th Cir. 2007)………………3
*Spivey v. Robertson*, 197 F. 3d. 772 (5th Cir. 1999)…………………………………3, 16
*Sugar Busters LLC v. Brennan*, 177 F.3d 258 (5th Cir. La. 1999)…………………17, 18
*Sun-Fun Products v.* Suntan Research & Dev., 656 F.2d 186 (5th Cir. 1981)……………8
*Syntex Laboratories, Inc. v. Norwich Pharmacal Co.*, 315 F. Supp. 45 (S.D.N.Y.1970), aff'd, 437 F.2d 566 (2d Cir. 1971)……………………………………………………10
*Varnes v. Local 91 Glass Bottle Blowers Ass'n*, 674 F.2d 1365 (11th Cir. 1982)………..2

**Rules**
FED. R. CIV. P. 8……………………………………………………………2, 3
FED. R. CIV. P. 12……………………………………………………2, 3, 4 16
FED. R. CIV. P. 201…………………………………………………………16

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KS Cayton, LLC | § | Cause No. 6:15-CV-655 |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| HOBBY LOBBY STORES, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A
PLAUSIBLE CLAIM**

Pending before the Court is the Hobby Lobby Stores, Inc.'s ("Defendant"), First Amended Motion To Dismiss For Failure To State A Plausible Claim. Plaintiff opposes Defendant's Amended Motion To Dismiss on the following grounds:

**I.      Defendant's Motion is Moot**

Throughout the entirety of its First Amended Motion To Dismiss, Defendant refers to Plaintiff's Original Complaint, rather than its First Amended Complaint. "Hobby Lobby asks the Court to dismiss the complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6)." *See First Amended Motion To Dismiss* at 23. Indeed, Defendant's motion is styled as an "amendment" to its Motion To Dismiss the original complaint rather than a motion to dismiss the First Amended Complaint. This reference to the Original Complaint is fatal to Defendant's Motion as the Original Complaint is no longer Plaintiff's operative pleading.

"'Under the Federal Rules, an amended complaint supersedes the original complaint.'" *Klyce v. Ramirez*, 852 F.2d 568 (6th Cir. 1988) *citing Fritz v. Standard Sec.*

*Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982); *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *Varnes v. Local 91 Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 601 (5th Cir. 1981); *Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986). As such, Plaintiff's amended complaint has superseded the original and rendered the original null.

As the original complaint is now null, Defendant's Amended Motion To Dismiss the now superseded complaint is moot and must be denied. "Plaintiffs' amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot." *Kentucky Press Ass'n v. Commonwealth of Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) *citing Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). "As the amended complaint has superseded the original, defendant's motion to dismiss has become moot." *Calloway v. Green Tree Servicing, LLC*, 599 F. Supp. 2d 543, 546 (D. Del. 2009).

## II.     12(b)(6) Motion Legal Standard

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (U.S. 2009). "As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Id.* at 677-678 (*internal citations omitted*).

In *Twombly* and *Iqbal*, the Supreme Court utilized a two-pronged analysis as to determine the sufficiency of pleadings. The first prong of which relates to the "factual sufficiency" of the pleadings. "Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

The Second Prong of the above-referenced test relates to "plausibility". "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (*internal citations omitted*).

When considering a 12(b)(6) motion to dismiss, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). Further, the court does not look beyond the face of the pleadings in making its determination as to a 12(b)(6) motion. *See Spivey v. Robertson*, 197 F. 3d. 772, 774 (5th Cir. 1999).

### III.   Plaintiff Has Sufficiently Pleaded A Claim For Relief

Given its recent successes before the Supreme Court (*See Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (U.S. 2014)), one would think that Hobby Lobby Stores, Inc. would have no issues in interpreting the pleading standards laid down by that same Court. However, Defendant not only misunderstands "plausibility" as defined by *Twombly* and *Iqbal*, but misunderstands the very nature of a motion to dismiss under Rule 12(b)(6).

As noted above, the Supreme Court has utilized a two-pronged approach in analyzing 12(b)(6) motions. "Our decision in *Twombly* illustrates the two-pronged approach." *Iqbal* at 679. Despite the clear differentiation between the first prong ("factual sufficiency") and the second ("plausibility"), Defendant has intermingled its analysis of the two prongs to such a point that it is unclear as to what exactly Defendant is alleging in its Amended Motion To Dismiss. Specifically, Defendant contends that Plaintiff's cause of action for trademark infringement "fails to cross the plausibility threshold" as "[i]t consists largely of mere "labels and conclusions" and a "formulaic recitation of the elements"…" *See Plaintiff's Amended Motion To Dismiss* at 6. Indeed, this is a complete misunderstanding of *Twombly* and *Iqbal.* A discussion of "labels and conclusions" or a "formulaic recitation of the elements" has nothing to do with plausibility (the second prong), and rather is a consideration relating to factual sufficiency (the first prong).

Plaintiff notes that Defendant's Motion is titled "Amended Motion To Dismiss For Failure To State A Plausible Claim" and that each heading in its "Argument" section regarding sufficiency of the pleadings includes the words "plausible" or "plausibly". Accordingly, Plaintiff contends that Defendant's motion merely attacks the "plausibility"

of the complaint rather than its "factual sufficiency". Thus, the inclusion of language related to the first prong must merely be a mistaken interrelation by Defendant that should be disregarded by this Court. However, out of an abundance of caution, Plaintiff will include a discussion touching upon both factual sufficiency and plausibility within this Opposition.

### A.    Plaintiff's Claim Is Both Factually Sufficient And Plausible

As discussed above, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (U.S. 2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal* at 678. However, "detailed factual allegations" are not necessary. *Twombly* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal* at 678 (*internal citations omitted*).

Defendant's Amended Motion To Dismiss omits any discussion as to the validity of Plaintiff's claim for unfair competition, and seems to only take issue with Plaintiff's claim for federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Section 32 of the Lanham Act provides a cause of action for infringement when, without the registrant's consent, one uses "in commerce, any reproduction, counterfeit, copy[,] or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or

services on or in connection with which such use is likely to cause confusion or to cause mistake or to deceive. . . ." 15 U.S.C. § 1114(1)(a). To prove infringement, a plaintiff must show that he owns a legally protectable mark and that there is a likelihood of confusion between that mark and the defendants' allegedly infringing material. *See American Rice Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008).

Here, Plaintiff has not only pleaded sufficient facts as to each of the above elements, but has indeed exceeded what is necessary under the applicable pleading standards.

### i.    Plaintiff Has Pleaded A "Use" By Defendant That Was "In Commerce" And "In Connection With The Sale, Offering For Sale, Distribution, Or Advertising Of Any Goods Or Services"

Plaintiff has more than sufficiently pleaded a "use" of the registered mark by Defendant that was "in commerce" and "in connection with the sale, offering for sale, distribution, or advertising of any goods or services". Indeed, Plaintiff has not only pleaded an infringing "use" by Defendant, but attaches (and incorporates by reference) specific instances of said infringing use.

> "Notwithstanding plaintiff's established rights in the trademark PINSPIRED, on information and belief, defendant adopted and used the confusingly similar trademark PINSPIRED in interstate commerce in connection with the sale and offering for sale of arts and crafts goods and services sometime prior to December 17, 2014."
> *See Amended Complaint* at 4.

> "Without Plaintiff's consent, Defendant has used the PINSPIRED mark and logo in connection with the sale, offering for sale, distribution or advertising of its goods in its stores throughout the United States. See attached Exhibit 3, infringing use of PINSPIRED mark in Longview, TX Hobby Lobby store. Exhibit 4, infringing use of PINSPIRED mark in Austin, TX Hobby Lobby store. Exhibit 5, infringing use of PINSPIRED mark in Apache Junction AZ Hobby Lobby store. Exhibit 6, infringing use of PINSPIRED mark in Kentwood, MI Hobby Lobby

store. Exhibit 7, infringing use of PINSPIRED mark in Lubbock, TX Hobby Lobby store."

> *See Amended Complaint* at 4.

Again, Plaintiff has not only pleaded an infringing "use" by Defendant that was "in commerce", and "in connection with the sale, offering for sale, distribution, or advertising of any goods or services", but Plaintiff has incorporated specific instances of the use by Defendant within their stores. This fact is key as such specificity more than satisfies the pleading standard enumerated in *Iqbal* and *Twombly*.

As to the "use" by Defendant "in commerce", and "in connection with the sale, offering for sale, distribution, or advertising of any goods or services" Plaintiff's petition is neither "threadbare" nor does it allege a pattern of facts that is not plausible. Defendant's Amended Motion To Dismiss must be denied.

### ii.      Plaintiff Has Pleaded A Likelihood That Defendant's Use Will "Cause Confusion, Or To Cause Mistake, Or To Deceive"

As discussed above, to prove infringement, a plaintiff must show that he owns a legally protectable mark and that there is a likelihood of confusion between that mark and the defendants' allegedly infringing material. *See American Rice Inc.* at 329. The Fifth Circuit assesses likelihood of confusion based on the following factors, which it refers to as "digits of confusion": "(1) strength of the plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the products; (4) identity of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendants' intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers." *Id*. (citing *Oreck Corp. v. U.S. Floor Systems, Inc.*. 803 F.2d 166, 170 (5th Cir. 1986); *Sun-Fun Products v.* Suntan Research & Dev., 656 F.2d 186, 189 (5th Cir. 1981)). After assessing each digit, the court must weigh them to determine whether is a likelihood of confusion. "No one

factor is dispositive, and a finding of a likelihood of confusion does not even require a positive finding on a majority of these 'digits of confusion.'" *Elvis Presley Enters. Inc. v. Capece*, 141 F.3d 188, 194 (5th Cir. 1998) (quoting *Conan Properties, Inc. v. Conans Pizza*, 752 F.2d 145, 150 (5th Cir. 1985)).

Here, Plaintiff has more than sufficiently pleaded a likelihood of confusion as it has pleaded facts relating to all 8 "digits of confusion" considered within the 5th Circuit.

### a.    <u>PINSPIRED Is A "Strong" Mark</u>

Plaintiff has pleaded facts indicative of a finding that it has a "strong" mark. 5th Circuit Courts have found a trademark to be "strong" when it is federally registered and the subject of marketing efforts. "With respect to the strength of trademark, the evidence indicates that Sun-Fun's "Native Tan" trademark was registered and that it had appeared on plaintiff's products for at least seven or eight years before defendant placed Beach Buff on the market. It also shows that the plaintiff has spent substantial sums of money promoting the Native Tan trademark through national media advertising, brochures, and various other promotional techniques." *Sun-Fun Products* at 190-191. Here, Plaintiff has pleaded facts as to both the federal registration of the mark, and its promotion and marketing efforts relating to the mark.

> "Plaintiff operates an arts and crafts workshop in United States commerce under the PINSPIRED name since the date of its first use on or about 2.1.12 and subsequent to the date of its federal registration with the PTO on 3.11.14.  It has used the PINSPIRED mark continuously in United States commerce since that time."
> *See Amended Complaint* at 3.

> "Plaintiff is the owner of federal trademark registration 4493620, which issued on 3.11.14 on the principal register of PTO. This registration for the PINSPIRED mark covers the following goods and services:  "A full service do it yourself arts and crafts workshop which provides the needed supplies, tools, instructions, and

staff assistance for customers to construct, paint, and finish a variety of projects
including furniture construction, furniture refininishing, furniture re-purposing,
construction of home décor, room makeovers, handmade gifts, custom
embroidery, custom sewing projects and decorating consultations."''
>   *See Amended Complaint* at 3.

"Plaintiff has invested substantial time, effort and financial resources promoting
its PINSPIRED trademark in connection with the marketing and sale of its goods
in interstate commerce. The PINSPIRED trademark has become an asset of
substantial value as a symbol of Plaintiff, its quality products and its good will."
>   *See Amended Complaint* at 3.

Plaintiff's pleadings, and case law speak in favor of PINSPIRED being viewed as

a "strong" mark. Accordingly, this "digit of confusion" weighs in favor of Plaintiff.

### b.        The Marks Are Identical

Plaintiff has pleaded facts outlining similarities between its mark, and the use by

Defendant. Indeed, the mark and the use are not only similar, but are identical.

"Plaintiff operates an arts and crafts workshop in United States commerce under
the PINSPIRED name since the date of its first use on or about 2.1.12 and
subsequent to the date of its federal registration with the PTO on 3.11.14.  It has
used the PINSPIRED mark continuously in United States commerce since that
time."
>   *See Amended Complaint* at 3.

"Notwithstanding plaintiff's established rights in the trademark PINSPIRED, on
information and belief, defendant adopted and used the confusingly similar
trademark PINSPIRED in interstate commerce in connection with the sale and
offering for sale of arts and crafts goods and services sometime prior to December
17, 2014."
>   *See Amended Complaint* at 4.

Further, Plaintiff has not only pleaded a similarity between its mark and the

infringing use, but Plaintiff has included (and incorporated by reference) specific

instances and examples of the similar use.

"Without Plaintiff's consent, Defendant has used the PINSPIRED mark and logo in connection with the sale, offering for sale, distribution or advertising of its goods in its stores throughout the United States. See attached Exhibit 3, infringing use of PINSPIRED mark in Longview, TX Hobby Lobby store. Exhibit 4, infringing use of PINSPIRED mark in Austin, TX Hobby Lobby store. Exhibit 5, infringing use of PINSPIRED mark in Apache Junction AZ Hobby Lobby store. Exhibit 6, infringing use of PINSPIRED mark in Kentwood, MI Hobby Lobby store. Exhibit 7, infringing use of PINSPIRED mark in Lubbock, TX Hobby Lobby store."

*See Amended Complaint* at 4.

Plaintiff will note that Defendant's to attempt to hide behind the use of the term "GET" in front of the infringing use should be completely ignored by this Court. To be clear, Plaintiff at no point argued that the infringing mark was "GET PINSPIRED", but rather complained of Defendant's use of "PINSPIRED". However, this is a moot point. The addition of a term to a trademark does not allow an infringer a safe harbor. "The test is one of resemblance rather than identity. *Syntex Laboratories, Inc. v. Norwich Pharmacal Co.*, 315 F. Supp. 45, 50 (S.D.N.Y.1970), aff'd, 437 F.2d 566 (2d Cir. 1971). In appearance, pronunciation, and meaning, the names AMERICAN OPTICAL and NORTH AMERICAN OPTICAL are virtually identical. Indeed, defendant's name appropriates the entire name of plaintiff. *Cf. Wella Corp. v. California Concept Corp.*, 558 F.2d 1019 (C.C.P.A.1977); *Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons*, Inc., 526 F.2d 556 (C.C.P.A.1975); *Application of West Point-Pepperell, Inc.*, 468 F.2d 200 (C.C.P.A.1972)." *American Optical Corp. v. North American Optical Corp.*, 489 F. Supp. 443 at 449 (N.D.N.Y 1979). Here, "GET PINSPIRED" appropriates the entire "PINSPIRED" mark. Not only is Defendant's use similar, but it is indeed substantially identical to Plaintiff's mark.

Additionally, it is inconsequential that Defendant argues that the infringing mark refers to the Pinterest website. An equally plausible interpretation of "GET PINSPIRED" is that shoppers can "GET" products relating to the registered "PINSPIRED" mark at Hobby Lobby. Defendant's point is moot as the "digit of confusion" relating to the similarity of the marks heavily weighs in favor of Plaintiff.

<strong>c. The Parties Have Similar Products, Retail Outlets And Purchasers</strong>

As factor 3 (similarity of goods or services) and factor 4 (Identity of retail outlets and purchasers) involve a similar factual analysis, Plaintiff will discuss those factors together within this heading.

Plaintiff has pleaded numerous facts relating to the identity of retail outlets and purchasers. In its Amended Complaint, Plaintiff not only discusses its own products, retail locations, and clientele, but provides specific information relating to Defendant's products, outlets and purchasers.

"Plaintiff is the owner of federal trademark registration 4493620, which issued on 3.11.14 on the principal register of PTO. This registration for the PINSPIRED mark covers the following goods and services:  "A full service do it yourself arts and crafts workshop which provides the needed supplies, tools, instructions, and staff assistance for customers to construct, paint, and finish a variety of projects including furniture construction, furniture refininishing, furniture re-purposing, construction of home décor, room makeovers, handmade gifts, custom embroidery, custom sewing projects and decorating consultations.""

 *See Amended Complaint* at 3.

"Plaintiff's goods are sold at its physical location at 7402 19th Street, Lubbock, TX 79407 and its products may be purchased online at its website http://www.getpinspired.com/."

 *See Amended Complaint* at 3.

"Defendant is a chain of retail arts and crafts stores based in Oklahoma City, OK. As of 2014, Defendant operated 572 stores. It also owns the domain name

www.hobbylobby.com, and sells its products at the web site connected to that domain name."

      *See Amended Complaint* at 4.

"Without Plaintiff's consent, Defendant has used the PINSPIRED mark and logo in connection with the sale, offering for sale, distribution or advertising of its goods in its stores throughout the United States. See attached Exhibit 3, infringing use of PINSPIRED mark in Longview, TX Hobby Lobby store. Exhibit 4, infringing use of PINSPIRED mark in Austin, TX Hobby Lobby store. Exhibit 5, infringing use of PINSPIRED mark in Apache Junction AZ Hobby Lobby store. Exhibit 6, infringing use of PINSPIRED mark in Kentwood, MI Hobby Lobby store. Exhibit 7, infringing use of PINSPIRED mark in Lubbock, TX Hobby Lobby store."

      *See Amended Complaint* at 4.

Plaintiff will note that Defendant makes much ado about the fact that "the parties' basic business models are different." *See Amended Motion To Dismiss* at 17. However, the 5th Circuit does not require for parties to maintain identical business models for a Plaintiff to support a likelihood of confusion. The only requirement of this factor is a "similarity of products". *American Rice Inc.* at 329. Plaintiff has pleaded similar products between the parties.

As cited above, Plaintiff has pleaded that both parties deal in arts and crafts products. Plaintiff has also pleaded numerous facts relating to the identity of retail outlets and purchaser. Accordingly, Plaintiff has sufficiently pleaded a likelihood of confusion based upon the similarities in the Parties' products, retail outlets, and purchasers.

### d.      The Parties Utilize Similar Advertising Mediums

Plaintiff has pleaded facts relating to the similarity of the advertising medium used by the two parties. Both parties advertise at physical locations, and online. Plaintiff will note that it's Amended Complaint includes specific instances of online advertising

(by referencing both parties' websites) and has included (and incorporated by reference)

specific instances of advertising at Defendant's physical locations.

> "Plaintiff's goods are sold at its physical location at 7402 19th Street, Lubbock, TX 79407 and its products may be purchased online at its website http://www.getpinspired.com/."
>> *See Amended Complaint* at 3.

> "Defendant is a chain of retail arts and crafts stores based in Oklahoma City, OK. As of 2014, Defendant operated 572 stores. It also owns the domain name www.hobbylobby.com, and sells its products at the web site connected to that domain name."
>> *See Amended Complaint* at 4.

> "Without Plaintiff's consent, Defendant has used the PINSPIRED mark and logo in connection with the sale, offering for sale, distribution or advertising of its goods in its stores throughout the United States. See attached Exhibit 3, infringing use of PINSPIRED mark in Longview, TX Hobby Lobby store. Exhibit 4, infringing use of PINSPIRED mark in Austin, TX Hobby Lobby store. Exhibit 5, infringing use of PINSPIRED mark in Apache Junction AZ Hobby Lobby store. Exhibit 6, infringing use of PINSPIRED mark in Kentwood, MI Hobby Lobby store. Exhibit 7, infringing use of PINSPIRED mark in Lubbock, TX Hobby Lobby store."
>> *See Amended Complaint* at 4.

### e.      Defendant Held Bad Intentions In Its Use

Plaintiff has specifically pleaded the bad intentions of Defendant in its use of the

PINSPIRED mark. Here, Plaintiff has not only included the assertion that the use by

Defendant was in bad faith, but has included specific factual instances that would support

such a finding.

> "On 1.14.15, undersigned counsel, mailed a Cease & Desist letter to Plaintiff's legal counsel (the "Plaintiff C&D") A true and correct copy of this letter is attached hereto as Exhibit-2 and incorporated herein by this reference."
>> *See Amended Complaint* at 1

"Notwithstanding receipt of the Plaintiff C&D, said infringing use has continued and must be deemed a willful violation. Accordingly, Plaintiff has been forced to file the within Complaint to enforce its rights under Federal Law as set forth herein."

> *See Amended Complaint* at 1

"Plaintiff has requested in writing that Defendant cease and desist its infringing actions. Plaintiff's C&Dto Defendant is attached as Plaintiff's Exhibit-2. Defendant responded to Plaintiff's C&D but informed Defendant that it would NOT abide by the Cease and Desist demand."

> *See Amended Complaint* at 5

### f.     Purchasers Will Exercise A Low Degree Of Care

Plaintiff has pleaded facts indicative of a finding that both its customers, and Defendant's customers would exercise a low degree of care.

"Plaintiff's goods are sold at its physical location at 7402 19th Street, Lubbock, TX 79407 and its products may be purchased online at its website http://www.getpinspired.com/."

> *See Amended Complaint* at 3.

"Defendant is a chain of retail arts and crafts stores based in Oklahoma City, OK. As of 2014, Defendant operated 572 stores. It also owns the domain name www.hobbylobby.com, and sells its products at the web site connected to that domain name."

> *See Amended Complaint* at 4.

Here, arts and crafts customers in a retail environment are likely to exercise a low degree of care. These are not purchases for professional or institutional purposes nor are they purchases at a high cost. Thus it is not a situation in which the consumers are likely to to be informed, deliberative buyers. *See Oreck* at 173.

### g.    There Is Evidence Of Actual Confusion

Plaintiff's Amended Complaint pleaded specific facts which evidence actual instances of confusion resulting from the similarity of the "PINSPIRED" mark, and the infringing mark. These instances alone should be sufficient to show the existence of a justiciable controversy.

> "Plaintiff was first made aware of Defendant's infringing use when several individuals (after seeing the infringing use within a Hobby Lobby store) contacted Plaintiff inquiring as to its affiliation with Defendant. Accordingly, Defendant's infringement has already resulted in actual confusion to customers."
> *See Amended Complaint* at 4.

Again, Plaintiff's complaint pleads that actual consumers have been confused by the infringing mark, and provides specific facts to support that evidence of confusion. This "digit of confusion" weighs heavily in favor of Plaintiff.

### B.    Plaintiff's Amended Complaint Plausibly Alleges That Defendant Used "PINSPIRED" As A Trademark

Defendant alleges that "Far from plausibly alleging that Hobby Lobby used the phrase "GET PINSPIRED" as a source-identifying trademark, KS Cayton has definitively shown otherwise." *See Motion To Dismiss* at 9. This contention is frankly nonsensical. As discussed above, Plaintiff has pleaded numerous facts in support of all 8 "digits of confusion" considered within the 5th Circuit. The mere fact that the infringing use references Pinterest is of no consequence to the analysis of a 12(b)(6) motion. Again, an equally plausible interpretation of "GET PINSPIRED" (and one that is supported by the actual instances of confusion plead in the Amended Complaint) is that shoppers can "GET" products relating to the registered "PINSPIRED" mark at Hobby Lobby.

As a primary consideration, Defendant's attempts to refer to evidence and considerations outside the four corners of the complaint is improper. A court does not look beyond the face of the pleadings in making its determination as to a 12(b)(6) motion. *See Spivey v. Robertson*, 197 F. 3d. 772, 774 (5th Cir. 1999). Here, Defendant makes numerous references to the Pinterest website and evidence related to that same site. Again, this is improper despite the fact that Defendant attempts to introduce this information through judicial notice. Under Federal Rules of Civil Procedure 201(b), **a** "court may judicially notice a fact that is not subject to reasonable dispute because it:

**(1)** is generally known within the trial court's territorial jurisdiction; or

**(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Here, Defendant has not offered any argument that the information is "generally known within the trial court's territorial jurisdiction" nor that the information "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Accordingly, Judicial Notice of any facts related to Pinterest would be improper as Defendant has failed to make a showing that the facts asserted are "not subject to reasonable dispute".

However, despite Defendant's insufficient request upon this Court to take judicial notice of facts, any discussion of Pinterest is inconsequential. The infringing use by Hobby Lobby clearly indicates a use by Defendant as a trademark. Defendant's use clearly relates (despite the references to Pinterest) to the "sale, offering for sale, distribution, or advertising of any goods or services". Here, the infringing use not only directs customers to a site controlled by Defendant, that includes photos of goods

available at Defendant's stores, but includes the statement "Hobby Lobby is the place to shop!" Such elements clearly indicate that the use by Defendants was not merely a reference to the Pinterest website, but a trademark use relating to the sale or advertising of goods.

### C.    Defendant's Infringing Use Was Not A "Fair Use"

Defendant is not entitled to dismissal based upon its asserted defense of fair use. "The fair-use defense allows a party to use a term in good faith to describe its goods or services, but only in actions involving descriptive terms and only when the term is used in its descriptive sense rather than in its trademark sense." *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 270-271 (5th Cir. La. 1999) Nothing within Plaintiff's pleadings would allow Defendant to establish their asserted defense.

As discussed above, Plaintiffs explicitly pleaded that Defendant acted in bad faith in its use of PINSPIRED.

> "On 1.14.15, undersigned counsel, mailed a Cease & Desist letter to Plaintiff's legal counsel (the "Plaintiff C&D") A true and correct copy of this letter is attached hereto as Exhibit-2 and incorporated herein by this reference."
> See Amended Complaint at 1

> "Notwithstanding receipt of the Plaintiff C&D, said infringing use has continued and must be deemed a willful violation. Accordingly, Plaintiff has been forced to file the within Complaint to enforce its rights under Federal Law as set forth herein."
> See Amended Complaint at 1

> "Plaintiff has requested in writing that Defendant cease and desist its infringing actions. Plaintiff's C&Dto Defendant is attached as Plaintiff's Exhibit-2. Defendant responded to Plaintiff's C&D but informed Defendant that it would NOT abide by the Cease and Desist demand."
> See Amended Complaint at 5

As discussed above, Plaintiff has also clearly pleaded that Defendant used PINSPIRED as a trademark. The infringing use by Hobby Lobby clearly indicates a use by Defendant in as a trademark at it clearly relates to the "sale, offering for sale, distribution, or advertising of any goods or services". The infringing use not only directs customers to a site controlled by Defendant, that includes photos of goods available at Defendant's stores, but includes the statement "Hobby Lobby is the place to shop!"

Further, there is no evidence within the four corners of the pleading that PINSPIRED is "merely descriptive". Indeed, as discussed above, Plaintiff has pleaded facts indicative of Pinspired being a "Strong" trademark that is entitled to broad protection.

Again, "The fair-use defense allows a party to use a term in good faith to describe its goods or services, but only in actions involving descriptive terms and only when the term is used in its descriptive sense rather than in its trademark sense." *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 270-271 (5th Cir. La. 1999). Here, Defendant did not use PINSPIRED in good faith, PINSPIRED is not merely descriptive, and PINSPIRED was not used by Defendant in a descriptive sense. Defendant is not entitled to a fair use defense.

**IV.**     **Defendant's Amended Motion To Dismiss Does Not Apply To Unfair Competition Claim**

Plaintiff notes that Defendant's First Amended Motion To Dismiss does not provide any discussion as to the validity of Plaintiff's Claims for Unfair Competition pursuant to 15 U.S.C. § 1125(a). Accordingly, that claim should continue forward regardless of this Court's ruling on Defendant's First Amended Motion To Dismiss.

**V.**     **PRAYER**

For the reasons cited above, Plaintiff respectfully prays that the Court deny Defendant's Amended Motion to Dismiss.


Respectfully Submitted,


/s/ *Charles A. Moster*
Charles A. Moster
Moster Law Firm
Attorney for Plaintiff
Texas Bar No. 00797782
4920 S. Loop 289
Lubbock, TX 79414
806-778-6486
E-mail: charlesalbertmoster@gmail.com


## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this Opposition to Defendant's Amended Motion to Dismiss, served on the below listed parties on October 15, 2015 via the ECF/Pacer electronic system:

Louis T. Pirkey
Travis R. Wimberly
Pirkey Barber PLLC
600 Congress Ave., Suite 2120
Austin, TX 78701


/s/ *Charles A. Moster*
Charles A. Moster
Attorney For Plaintiff