IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **KS CAYTON, LLC** | § | |
| | § | |
| **v.** | § | **Case No. 6:15-cv-655** |
| | § | |
| **HOBBY LOBBY STORES, INC.** | § | |
| | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISRTATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate

Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. The Magistrate Judge's Report and

Recommendation (the "Report"), which contains her findings, conclusions and recommendation

regarding Defendant Hobby Lobby Stores, Inc.'s ("Hobby Lobby") Motion to Dismiss for Failure

to State a Plausible Claim (Docket No. 12), has been presented for consideration. The Report

(Docket No. 23), filed on September 12, 2016, recommended that Hobby Lobby's motion be

denied.

On October 10, 2016, Hobby Lobby filed objections to the Report on three grounds: (1)

that *Twombly* and *Iqbal* require a practical analysis of the complaint's plausibility, which Hobby

Lobby claims the Magistrate Judge did not conduct; (2) that KS Cayton's claims for relief are not

plausible; and (3) that policy concerns warrant dismissal. Docket No. 26.

Having made a *de novo* review of the written objections filed by Hobby Lobby, the Court

concludes that the findings and conclusions of the Magistrate Judge are correct. For the reasons

below, Hobby Lobby's objections are **OVERRULED**.

## I.    The Magistrate Judge conducted a proper plausibility analysis of KS Cayton's complaint.

Hobby Lobby argues that the Magistrate Judge did not conduct a "practical analysis" of the plausibility of Plaintiff's complaint as required by *Twombly* and *Iqbal*. Docket. No. 26 at 14 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 566 U.S. 662 (2009)). Hobby Lobby contends that the Court need only apply "basic trademark law," and its "judicial experience and common sense," to find that KS Cayton's claims for relief are not plausible. Docket No. 26 at 8 (citing *Iqbal*, 556 U.S. at 679).

The Court addresses Hobby Lobby's specific plausibility objections in the forthcoming section. *See* Part II, *infra*. However, the crux of Hobby Lobby's "practical analysis" and "common sense" objection is that it finds implausible Plaintiff's allegation that customers who saw a "GET PINSPIRED" poster in a Hobby Lobby store would likely confuse the poster as suggesting a connection between Hobby Lobby and Plaintiff's do-it-yourself workshop operating under the name "PINSPIRED" in Lubbock, Texas. Docket No. 26 at 15, 20.

Hobby Lobby's argument lacks merit because it conflates "practicality" with the "plausibility" standard. *See id*. at 8 ("*Twombly* and *Iqbal* require district judges to weed out implausible claims by applying their practical sensibilities."). Hobby Lobby argues that a complaint must cross two distinct thresholds: from "conclusory to factual," and from "factually neutral to factually suggestive." *Id*. at 14 (citing *Twombly*, 550 U.S. at 557 n.5).

The Supreme Court does not require a complaint to be viewed through a lens of practicality or probability. *See Iqbal*, 566 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement.' "); *see also Twombly*, 550 U.S. at 546 (stating that the requirement of factual allegations "serves the *practical purpose* of preventing a plaintiff with 'a largely groundless claim' from 'taking up the time of a number of other people. . .'" but does not impose a separate practicality

requirement in *stating* a claim) (internal citations omitted) (emphasis added). In fact, the Supreme Court has clarified that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is remote and unlikely.' " *Twombly*, 550 U.S. at 556.

While probability or practicality is not required to state a sufficient claim, a "sheer possibility that a defendant has acted unlawfully" is not enough either. *Iqbal*, 566 U.S. at 678. Rather, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 679.

The Report considers that KS Cayton states that it first became aware of Hobby Lobby's alleged infringement when individuals contacted Plaintiff inquiring about its affiliation with Hobby Lobby after seeing the "GET PINSPIRED" posters in a Hobby Lobby store. Docket No. 23 at 8. The Report further considers the similarity between Plaintiff's mark and the "GET PINSPIRED" phrase, the federal registration of the mark, and the allegation that Hobby Lobby used the PINSPIRED mark in connection with the sale, offering for sale, distribution, or advertisement of goods similar to the goods sold by Plaintiff. Docket No. 23 at 7–8.

The Magistrate Judge found these factual allegations sufficient to state a claim to relief that is plausible on its face, and the Court agrees that "common sense" and "judicial experience" would lend themselves to such a finding. The allegations are sufficiently factually suggestive to permit the Court to infer that Hobby Lobby is liable for trademark infringement. Hobby Lobby's first objection is therefore overruled.

## II. KS Cayton's claims for relief are plausible.

Hobby Lobby next objects that KS Cayton's claims for relief are not plausible because: (1) the complaint fails to plausibly allege a likelihood of confusion; (2) the complaint fails to plausibly allege that Hobby Lobby used "GET PINSPIRED" as a trademark; and (3) the complaint conclusively established a fair-use defense. The Court overrules this objection for the reasons below.

### A. Likelihood of confusion

Hobby Lobby claims that three "indisputable facts" from KS Cayton's complaint make any likelihood of confusion implausible: (1) that Hobby Lobby's poster was unmistakably about Pinterest, a social media website; (2) that KS Cayton admitted in its pre-lawsuit demand letter that the poster was about Pinterest; and, (3) that KS Cayton's complaint alleges that the "GET PINSPIRED" posters were used in stores outside of Texas. Docket No. 26 at 16–22.

Hobby Lobby argues that the "GET PINSPIRED" posters made five separate references to Pinterest, and that its use of the phrase within that context was nothing more than a play on words inviting customers to visit the Hobby Lobby Pinterest page. *Id*. at 18. KS Cayton does not seem to dispute that Hobby Lobby's "GET PINSPIRED" poster made these references to Pinterest or that Hobby Lobby used the poster to market its Pinterest page. *See* Docket Nos. 13, 27. Rather, the basis of KS Cayton's claim is that the Pinterest page linked the user to Hobby Lobby's website, where the user could purchase the same products sold by KS Cayton. Docket No. 13 at 19–20; Docket No. 27 at 6. It is this use of KS Cayton's mark "in connection with" the advertisement of these products – not the advertisement itself – that KS Cayton alleges creates a likelihood of confusion as to the source, affiliation, or sponsorship. *Id*.

As to the use of the "GET PINSPIRED" poster outside of Texas, KS Cayton alleges that the "GET PINSPIRED" poster was displayed in three stores in Texas, including in Lubbock, Texas. Docket No. 11 at ¶ 23. The Court finds this factual allegation sufficient to plausibly state a likelihood of confusion, though it reserves for the time being analyzing the geographic extent of that confusion for when it evaluates the eight confusion factors at the summary judgment stage.

The Court does not find that the three "indisputable facts" argued by Hobby Lobby make likelihood of confusion implausible. Moreover, as discussed above, KS Cayton has alleged that actual confusion has already occurred. Hobby Lobby requests that the Court disregard this allegation because it was added to the complaint only after KS Cayton sought leave to amend, but it presents no compelling reason to do so. Docket No. 26 at 21.

Hobby Lobby also claims that the Magistrate Judge erred by not addressing its arguments on the eight likelihood-of-confusion factors in her Report. Docket No. 26 at 22; *see Oreck v. Corp. v. U.S. Floor Systems, Inc*., 803 F.2d 166, 170 (5th Cir. 1986) (discussing the eight nonexhaustive factors). The Court agrees with the Magistrate Judge that these arguments and factors are more appropriately considered when the Court is permitted to analyze and weigh the evidence in the record. Docket No. 23 at 8.

Lastly, Hobby Lobby argues that courts have frequently dismissed implausible likelihood-of-confusion claims under *Twombly* and *Iqbal* without needing to reach the eight confusion factors and that this Court should do the same. Docket No. 26 at 23. According to Hobby Lobby, in those cases "the allegations of likelihood of confusion [were] implausible in view of the facts alleged." *Id.* Hobby Lobby's cases are inapposite because, in this case, there have been plausible allegations of likelihood of confusion, including allegations of actual confusion. *See* Docket No. 23 at 8 (citing Docket No. 11 at 4).

.Moreover, Hobby Lobby's reliance on *MCW, Inc. v. Badbusinessbureau.com, L.L.C.*[1] to argue that the eight factors are "of little assistance" in this case is misguided. In *MCW*, the district court found that dismissal was proper because the parties' goods were "unrelated as a matter of law" and because "neither party [was] a direct competitor of the other." 2004 WL 833595 at *15. Here, Hobby Lobby has not moved to dismiss on either of these grounds, and its reliance on *MCW's* holding without factual context is unavailing. *See* Docket No. 12.

### B. Preliminary trademark analysis

Hobby Lobby asserts that the Magistrate Judge should have considered the trademark-use doctrine as an independent basis for dismissal. Docket No. 26 at 24–25. The trademark-use doctrine preliminarily asks whether a plaintiff's complaint plausibly alleges that the defendant used the challenged mark as a trademark. *Id*. Hobby Lobby claims that the "GET PINSPIRED" posters did not indicate "source, sponsorship, or affiliation" of Hobby Lobby's goods, and that therefore, Hobby Lobby did not use the PINSPIRED mark as a trademark.[2] *Id*. at 26; Docket No. 28 at 8.

The Fifth Circuit has yet to address whether the trademark-use doctrine is an appropriate basis for dismissal. Docket No. 23 at 7. This Court agrees with the Report's recommendation to consider trademark-usage when analyzing the likelihood of confusion factors.

### C. Fair-use defense

Hobby Lobby argues that KS Cayton's complaint conclusively establishes a fair-use defense. The Court disagrees.

---

[1] No. 3:02-CV-2727, 2004 WL 833595, at *15–16 (N.D. Tex. Apr. 19, 2004).

[2] The Court notes that Hobby Lobby's statement of the relevant law is not complete. Likelihood of confusion is not limited to a purchaser's confusion as to the source of a defendant's products only. *See Fuji Photo Film Co., Inc. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 596 (5th Cir. 1985). The Fifth Circuit has also recognized "that an action will lie when the infringer's use of plaintiff's mark results in confusion as to the origin of *plaintiff's* product." *Id.* (internal citations omitted) (emphasis in original).

KS Cayton has sufficiently alleged that Hobby Lobby used the PINSPIRED mark in a non-descriptive way. *See* Docket No. 23 at 10. Plaintiff alleges that Hobby Lobby used the PINSPIRED mark to promote its Pinterest page, which then directed the user to the Hobby Lobby website to purchase related goods. Docket No. 13 at 21. Hobby Lobby objects to the Report's recommendation, arguing that whether a defendant's use "has a commercial purpose—e.g., selling products—has no bearing on whether the use is descriptive." Docket No. 26 at 29. The Court disagrees.

In asserting the fair-use defense, Hobby Lobby correctly states that the Lanham Act "creates an affirmative defense whenever a defendant uses a plaintiff's mark 'otherwise than as a mark' in a manner 'descriptive of and used fairly and in good faith *only to describe the [defendant's] goods or services*.' " Docket No. 12 at 26 (citing 15 U.S.C. § 1115(b)(4)) (emphasis added). However, at the same time, Hobby Lobby repeatedly asserts that it used the "GET PINSPIRED" phrase as "nothing more than a play on words inviting customers to visit the Hobby Lobby Pinterest page." Docket No. 26 at 18; Docket No. 12 at 28. Hobby Lobby never argues that it used the "GET PINSPIRED" poster to describe its own goods or services. *See generally* Docket Nos. 26, 12.

Despite its assertion to the contrary, whether Hobby Lobby used the PINSPIRED mark to describe its own goods and services or their geographic origin is relevant to whether the mark is used descriptively, as contemplated by § 1115(b)(4), or whether it is used as a trademark. *See Kelly-Brown v. Winfrey*, 717 F.2d 295, 311 (2nd Cir. 2015) (finding that defendant did not carry its burden at the pleading stage on its fair-use defense because it did not show that it used plaintiff's "Own Your Power" mark to describe the publications to which that phrase was attached).

The Court agrees with the Magistrate Judge's interpretation and application of the fair-use statute as well as her finding that KS Cayton has sufficiently alleged a non-descriptive use of its mark. Docket No. 23 at 10. Plaintiff's complaint does not conclusively establish a fair-use defense as a matter of law, as argued by Hobby Lobby. *See* Docket No. 26 at 20. Moreover, whether Hobby Lobby acted fairly and in good faith are factual determinations, which in this case are inappropriate to consider at the dismissal stage.

The Court therefore overrules Hobby Lobby's plausibility objection.

### III.     Policy concerns do not warrant dismissal

Hobby Lobby argues, as a policy matter, that the purpose of Rule 12(b)(6) motions is to prevent "meritless," "groundless," or "too implausible" claims from "tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." Docket No. 26 at 30–31 (citing *Twombly*, 550 U.S. 544 558).

The Court acknowledges Hobby Lobby's policy concerns but notes that a claim that "may be supported by showing any set of facts consistent with the allegations in the complaint" may not be dismissed solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. 544, 563 n.8. For all of the abovementioned reasons, the Court finds that KS Cayton has sufficiently stated a claim and overrules Hobby Lobby's third objection.

In conclusion, having considered all of Hobby Lobby's objections *de novo*, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court. All objections are **OVERRULED**. Accordingly, it is

**ORDERED** that Hobby Lobby's Motion to Dismiss for Failure to State a Claim (Docket No. 12) is **DENIED**.

**SIGNED this 23rd day of May, 2017.**


ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE